IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES E. LANE                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 1:13-CV-00109-GHD-DAS

METROPOLITAN LIFE INSURANCE
COMPANY and THE SERVICEMASTER
COMPANY                                                                          DEFENDANTS

MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Presently before this Court is Plaintiff's motion to remand the case to state court [12]. Upon due consideration, the Court is of the opinion that the motion should be granted due to lack of diversity jurisdiction.

*A. Factual and Procedural Background*

On March 8, 2013, Plaintiff James E. Lane ("Plaintiff") filed a complaint in the Circuit Court of Lee County, Mississippi, against Defendants the ServiceMaster Company ("ServiceMaster"), his former employer, and Metropolitan Life Insurance Company ("MetLife"), the administrator for ServiceMaster's self-insured short-term income protection benefits plan (collectively, "Defendants"). Plaintiff alleged that Defendants wrongfully denied Plaintiff's request for short-term income protection benefits after he suffered hernias while on the job. Plaintiff sought compensatory damages in the amount of $9,283.52, for the amount he alleged he should have received through the short-term income protection benefits plan, plus court costs and prejudgment interest.

On May 28, 2013, Plaintiff filed an amended complaint alleging that ServiceMaster and MetLife willfully and in bad faith denied his request for short-term income protection benefits.

1

Plaintiff repeated his prayer for relief for $9,283.52 and stated a new request for punitive damages in the sum of $65,000.

On June 7, 2013, Defendants jointly removed this case to this Court on the basis of diversity jurisdiction. Subsequently, Defendants filed answers to the amended complaint [3]. Plaintiff then filed the present motion to remand [12] the case to state court, Defendants filed a response, and Plaintiff filed a reply. The motion to remand [12] is now ripe for review.

### B. *Standard of Review*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### C. *Discussion*

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

Plaintiff contends that removal is improper and remand is warranted because (1) complete diversity of citizenship does not exist between Plaintiff and Defendants, and (2) the jurisdictional amount in controversy is not satisfied. Plaintiff also seeks attorney's fees incurred in filing the present motion to remand.

When considering whether a case is removable on the basis of diversity jurisdiction, the Court must look to the face of the plaintiff's complaint. In this case, both a complaint and an amended complaint were filed in state court prior to the petition for removal. A plethora of case law demonstrates that the Court should look to the complaint at the time the petition for removal was filed. *See, e.g., Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 348–49, 83 L. Ed. 334 (1939) (stating that right to remove is "to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010) (per curiam) (quoting *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) ("When removal is based on diversity of citizenship, diversity must exist at the time of removal.")). Thus, the Court will look to the whole of Plaintiff's amended complaint, which was the current complaint at the time the petition for removal was filed, to determine whether the case is removable based on diversity jurisdiction.

(1) Complete Diversity of Citizenship

Plaintiff contends that removal is not appropriate because there is lack of complete diversity of citizenship among the parties. It is undisputed that complete diversity exists between Plaintiff, a citizen of Mississippi, and ServiceMaster, a citizen of Tennessee. However, Plaintiff contends that MetLife is a citizen of Mississippi pursuant to 28 U.S.C. § 1332(c)(1)(A), and thus that diversity of citizenship does not exist between Plaintiff and MetLife. Thus, Plaintiff maintains that removal jurisdiction is improper.

Section 1332(c)(1)(A) provides in pertinent part that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A). The Fifth Circuit has stated:

> The purpose of the "direct action" provision in § 1332(c)(1) [is] to prevent an injured party from gaining diversity over a non-diverse tortfeasor by directly suing the tortfeasor's out-of-state insurance company instead of the tortfeasor. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988). The section [is] thus not intended to thwart diversity in suits between an insured and the insured's own insurance company. *See Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988); Andrew M. Campbell, *Construction and Application of 28 USCS § 1332(c)(1), Establishing Citizenship of Insurer in Diversity Action Against Such Insurer Where Insured Is Not Joined as Party Defendant*, 119 A.L.R. Fed. 135, 171–77 (1994). Section 1332(c)(1)'s "direct action" provision is thus inapplicable to [a] suit between [and insured] and her insurance company . . . and does not defeat diversity . . . .

*Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, 1999 WL 346977, at *1, n.1 (5th Cir. May 20, 1999) (per curiam); *see Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994 (5th Cir. 1985). In this case, Plaintiff, the insured, is suing his former employer and the administrator of his former employer's short-term income protection benefits plan. As such, Section 1332(c) does not apply to this case.

As previously stated, Plaintiff is a citizen of Mississippi. MetLife is a citizen of New York and apparently Delaware. Thus, Plaintiff and MetLife are diverse, and as previously stated, Plaintiff and ServiceMaster are diverse, as well. Accordingly, there is complete diversity of citizenship among the parties. However, as stated below, because the jurisdictional amount is not satisfied, diversity jurisdiction does not exist.

(2) Amount in Controversy

Plaintiff contends that removal is improper because Defendants not shown that the jurisdictional amount is satisfied. A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387 (quotation marks and citation omitted).

Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). In the case *sub judice*, the amended complaint's *ad damnum* clause provides that Plaintiff seeks compensatory damages in the amount of $9,283.52 and punitive damages in the amount of $65,000. Plaintiff also alleges in his complaint that the Circuit Court of Lee County has jurisdiction over the parties and subject matter and that venue is appropriate.

The Fifth Circuit has stated that "[i]t has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253

5

(5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (additional citation omitted)).

In this case, it is facially apparent from the complaint that Plaintiffs claim the specific sum of $74,283.52. It is undisputed that when Defendants' counsel questioned Plaintiff's counsel as to whether Plaintiff would seek attorney's fees in addition to the amount requested in the prayer for relief, Plaintiff's counsel responded, "I have stated in my pleadings that the Lee County [Circuit] Court has jurisdiction of this matter. It also is the proper venue." *See* Letter [12-2] at 1. Nothing before the Court suggests the Plaintiffs make the claim in bad faith.[1]

For these reasons, the Court finds that the amount in controversy does not meet the jurisdictional threshold, this Court lacks subject matter jurisdiction to hear the case, and remand is appropriate.

## D. Conclusion

In sum, Plaintiff's motion to remand to state court [12] is GRANTED based on lack of amount in controversy, and the case shall be REMANDED to the Circuit Court of Lee County, Mississippi.

Plaintiff's request for costs and attorney's fees incurred in filing the present motion to remand is not well taken and is thus DENIED.

An order in accordance with this opinion shall issue this day.

---

[1] When a complaint does not allege a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount"; in this analysis, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993). Because this Court finds that the amended complaint in the case *sub judice* specifies the amount sought by Plaintiff, the Court need not conduct this analysis.

THIS, the 14th day of February, 2014.

_____
SENIOR JUDGE